IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMIE LEE JACKSON, AK2465,            )<br>                                                               )<br>            Petitioner,                               )<br>                                                               )<br>    vs.                                                    )<br>                                                               )<br>P. D. BRAZELTON, Warden,                )<br>                                                               )<br>            Respondent.                           )<br>_____ ) | No. C 13-4883 CRB (PR)<br><br>ORDER TO SHOW CAUSE<br><br>(Docket #2 & 4) |

    Petitioner, a state prisoner incarcerated at Pleasant Valley State Prison, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a conviction from Contra Costa County Superior Court.  He also seeks to proceed in forma pauperis under 28 U.S.C. § 1915.

## BACKGROUND

    Petitioner was convicted by a jury of six counts of lewd conduct toward a child.  The court also found that petitioner had suffered two prior serious felony convictions and other felony convictions.  On October 28, 2011, the court struck one of petitioner's prior serious felony convictions and sentenced him to a prison term of 14 years eight months.

    Petitioner unsuccessfully appealed his conviction to the California Court of Appeal and the Supreme Court of California, which on July 10, 2013 denied review of a petition allegedly raising the claims raised here.

**DISCUSSION**

A.   Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

B.   Claims

Petitioner seeks federal habeas corpus relief by raising several claims, including denial of his right to recall the victim to the stand, improper denial of his motions to dismiss jury verdict, ineffective assistance of counsel, denial of his right to present evidence and improper suppression of evidence. Liberally construed, the claims appear cognizable under § 2254 and merit an answer from respondent. See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. Petitioner's request to proceed in forma pauperis (docket #2 & 4) is GRANTED.

2. The clerk shall serve a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

/

1          3.     Respondent shall file with the court and serve on petitioner, within
2   60 days of the issuance of this order, an answer conforming in all respects to Rule
3   5 of the Rules Governing Section 2254 Cases, showing cause why a writ of
4   habeas corpus should not be granted.  Respondent shall file with the answer and
5   serve on petitioner a copy of all portions of the state trial record that have been
6   transcribed previously and that are relevant to a determination of the issues
7   presented by the petition.
8          If petitioner wishes to respond to the answer, he shall do so by filing a
9   traverse with the court and serving it on respondent within 30 days of his receipt
10  of the answer.
11         4.     Respondent may file a motion to dismiss on procedural grounds in
12  lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the
13  Rules Governing Section 2254 Cases.  If respondent files such a motion,
14  petitioner must serve and file an opposition or statement of non-opposition not
15  more than 28 days after the motion is served and filed, and respondent must serve
16  and file a reply to an opposition not more than 14 days after the opposition is
17  served and filed.
18         5.     Petitioner is reminded that all communications with the court must
19  be served on respondent by mailing a true copy of the document to respondent's
20  counsel.  Petitioner must also keep the court and all parties informed of any
21  change of address.
22  SO ORDERED.
23  DATED:   Dec. 13, 2013                  _____
                                            CHARLES R. BREYER
24                                          United States District Judge

G:\PRO-SE\CRB\HC.13\Jackson, T.13-4883.osc.wpd

3