IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TOMMIE LEE JACKSON, AK2465, | ) | |
| Petitioner, | ) | No. C 13-4883 CRB (PR) |
| vs. | ) ) | ORDER TO SHOW CAUSE AS TO EXHAUSTED CLAIM |
| P. D. BRAZELTON, Warden, | ) ) | |
| Respondent. | ) ) | |

Petitioner, a California state prisoner currently incarcerated at La Palma Correctional Center in Eloy, Arizona, filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a conviction from Contra Costa County Superior Court.

Per order filed on December 17, 2013, the court found that the claims in the petition appear cognizable under § 2254 and ordered respondent to show cause why a writ of habeas corpus should not be granted. Respondent instead moved to dismiss the petition for failure to exhaust state judicial remedies as to seven of the eight federal claims for relief.

Per order filed on April 21, 2014, the court granted respondent's motion to dismiss on the ground that the record shows that petitioner exhausted only one claim – the trial court erred in denying his request to recall the victim to the stand. But under the law of the circuit, petitioner was given the option of either withdrawing his unexhausted claims and proceeding only on his exhausted claim, or of dismissing the entire mixed petition and returning to federal court with a new petition once all claims are exhausted.

Petitioner has informed the court in writing that he wishes "to move forward on [his] exhausted claim[]" and "withdraw the unexhausted claims." Docket #10 at 1.  Good cause appearing therefor, all claims other than petitioner's exhausted claim – the trial court erred in denying his request to recall the victim to the stand – are dismissed and respondent is ordered to file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted on petitioner's claim that the trial court erred in denying his request to recall the victim to the stand.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

SO ORDERED.

DATED: May 27, 2014

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.13\Jackson, T.13-4883.osc2.wpd

2